308 P.2d 264

Thalda L. BAKER, Plaintiff and Respondent,

v.

Archibald H. COOK, Defendant,
May K. Cook, Defendant and Appellant.

No. 8550.

Supreme Court of Utah.

March 19, 1957.

Hurd, Bayle & Hurd, Rex J. Hanson, Ernest F. Baldwin, Jr., Salt Lake City, for appellant.

W. D. White, Mas Yano, Salt Lake City, for respondent.

WORTHEN, Justice.

Appeal from a judgment entered upon a verdict of a jury awarding plaintiff $9,318.20 for damages incurred as a result of the negligence of defendant, May K. Cook, in furnishing to plaintiff a defective ladder. The action was dismissed as to defendant, Archibald Cook, before the conclusion of trial.

Plaintiff was employed by defendant, May K. Cook, to do general household cleaning, and her first assignment was to wash some ground floor windows. In order to expedite this window washing, defendant, May K. Cook, furnished a small stepladder for plaintiff's use.

Plaintiff claims that the second time she mounted the ladder it buckled under her, and she fell, sustaining the injuries complained of. Because of plaintiff's inherited back condition, these injuries were unusually severe and resulted in plaintiff's undergoing two spinal operations, leaving plaintiff with a 20% permanent partial disability and loss of employment for over a year before, during, and after the operations.

The action was submitted to the jury on four special verdicts reading as follows:

"*Proposition No. 1:* The defendants were negligent in furnishing to the plaintiff a defective ladder which was not reasonably suited for the use to which it had to be put by Mrs. Baker in doing her work.

"*Proposition No. 2:* The plaintiff was negligent in mounting the ladder after she knew, or in the exercise of reasonable care should have known, that it was defective and not reasonably suited for the use to which it had to be put in doing her work.

"*Proposition No. 3:* The negligence of defendants, if found in Proposition No. 1, was a substantial factor in proximately causing injury to Mrs. Baker.

"*Proposition No. 4:* The negligence of the plaintiff, if found in Proposition No. 2, was a substantial factor in proximately causing injury to herself."

The jury was instructed to answer true or false to the verdicts if they were able to do so from a preponderance of all the evidence received on each proposition. If they were unable to say from a preponderance of the evidence whether a given proposition was true or false, they were to answer "unable to say." The jury answered the special verdicts "true" as to propositions 1 and 3 and "unable to say" as to propositions 2 and 4.

Upon questioning the jury the court found that their answer of "unable to say" was used by them to mean that the jury was unable to determine from the evidence which way it preponderated.

After the return of the special verdicts the court submitted the issue of damages to the jury and they found plaintiff was entitled to $5,000 general damages and $2,500 loss of earnings, to which amount the court added $1,818.20, which had been stipulated as the medical expense involved if liability on the part of the defendant were determined.

Defendant, May K. Cook, appeals, raising two primary contentions: (1) There was no evidence to support the verdict of the jury as to loss of earnings, and (2) various errors were committed in submitting the special verdict and accepting the answers thereto, and in questioning of the jurors by the court after they had returned their answers.

■ Respecting the evidence concerning loss of earnings, it appears from the record that there is sufficient evidence, which, if believed, would support the jury's verdict as to loss of earnings. Plaintiff testified that she had averaged $2,300 annually for the past three years, even though her employment was not always regular. She also testified that from August 20, 1953, the date of the injury, to December 16, 1954, the date of the second operation, she was not able to do work of any kind. Plaintiff also testified that at the present time she was still having difficulty working.

The doctor who treated plaintiff testified that the operations themselves would cause three months' total disability to work and six to twelve months of partial disability. He also testified that in his opinion, plaintiff had a 20% permanent partial disability, which will impair her earning capacity. In view of this testimony there is sufficient evidence to support the verdict of the jury for loss of earnings, even though the evidence was somewhat refuted by the fact that plaintiff had three months prior to the accident quit a regular job to do miscellaneous odd jobs and housework and was not regularly employed immediately prior to the accident.

Defendant's objections to the special verdicts fall into four categories. (a) The propositions were framed so that certain facts were assumed and therefore the proper questions were not asked the jury. (b) The court, by submitting three alternative answers to the jury, enabled the jury to answer the questions without deciding the issues. (c) The jury was not instructed on defendant's theory of the case, to-wit: that plaintiff may have so set up the ladder that it tipped over when she got on it. (d) The court's questioning of the jury respecting their answers adroitly led them to the conclusion that they were not confused by the propositions, but were merely unconvinced by the evidence.

We are unable to see from a reading of the record wherein defendant was prejudiced by the questions; particularly is the fact emphasized by the examination of the jurors after their verdict had been returned.

■ It is true that great care must be taken to submit questions to the jury so that they are as clear as possible and free from confusion and ambiguity. But we cannot agree that the court should necessarily have submitted a general verdict in addition to the special verdict. The trial court sought to have the jury advised as to the important facts and whether each proposition set out in 1, 2, 3 and 4 was true or false. We believe the court in his general instruction as to answering the propositions submitted the matter in clear and understandable language. He said:

"* * * you should write 'true' or 'false' if you can do so *from a pre-*

*ponderance of all the evidence* given upon each proposition. If you are unable to say from a preponderance of the evidence whether any one proposition is true or false, then you should write the answer 'unable to say.' * * * "

If the jury was "unable to say" in answer to propositions 2 and 4, then the jury could not say that plaintiff was negligent. If the jury was satisfied that plaintiff was negligent as shown by the preponderance of the evidence, the answer should have been "true."

Defendant contends that the court should have declared a mistrial on the return of the jury with answers "unable to say." But defendant neither objected nor excepted to the form of questions and counsel cannot sit back and permit the court to submit the propositions and object if the verdict is unfavorable. The court had instructed the jury on the burden of proof and preponderance of the evidence. After the case was submitted the jury returned to ask the court what would happen if they answered "yes" to both questions 1 and 2. Neither before the jury was charged, nor in the exceptions taken after the jury left to deliberate, nor when the jury came in for further instructions, did defendant suggest that the propositions were confusing and should be clarified. Never until the proposition was presented to this court

was it urged that the propositions were confusing. If the defendant felt that the questions were so drawn as to confuse the jury, request should have been made to clarify the questions, particularly when the jury came back to see what would happen if they answered questions 1 and 2, "yes."

An examination of the record discloses that the same is free from prejudicial error as to any of the assignments. As heretofore observed, great care should be taken to submit questions to the jury so that they are as clear as possible. When a general verdict will best settle the issues, it should be used. When specific issues cannot be reached by a general verdict, the trial court should take advantage of special verdicts or special interrogatories.

■ It may well be that by requiring the jury to answer by "true" or "false" the possibility of any confusion may have been avoided. However, an examination of the record satisfies us that the jury were not confused and that they understood the import of the court's question.

As heretofore observed, the defendant failed to call the court's attention to the possibility of the jury's being confused. The only exception taken to the special verdict, if it may be called an exception, was the following:

"Excepts to the court's submitting the issue of the defendant's negligence

to the jury under the special verdict for the reasons heretofore stated."

The reasons heretofore stated were: The motion of defendant for a directed verdict of no cause of action.

Affirmed. Costs to respondent.

McDONOUGH, C. J., and CROCKETT, WADE and HENRIOD, JJ., concur.